UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT,<br><br>   Plaintiff,<br><br>   v.<br><br>FACEBOOK INC., et al.,<br><br>   Defendants. | Case No.  25-cv-03168-DMR<br><br>**REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE AND REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Estela Elizabeth Jeffcoat filed an application for leave to proceed *in forma pauperis* ("IFP"). [Docket No. 2.]  Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).  Plaintiff filed a declination to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  [Docket No. 5.]  Therefore, the court issues herein a Report and Recommendation and reassigns this case to a district judge for final disposition, with the recommendation that the complaint be dismissed with leave to amend.  The case management conference currently set for July 30, 2025 is vacated.

**I.   DISCUSSION**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial affidavit, the court finds that s/he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that s/he may continue to prosecute the complaint.  A court is under a continuing duty to dismiss a case filed

1  without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

Plaintiff brings her action against Defendants Facebook Inc., Instagram, and "Meta P. Inc."[1] (collectively, "Defendants"). [Docket No. 1 (Compl.) at 2.] Plaintiff alleges her "Facebook account was suspended without prior notice, resulting in the loss of personal and professional resources." *Id.* at 3. "Despite attempts to resolve the issue, the plaintiff received no satisfactory explanation or

---

[1] Elsewhere in the Complaint, Plaintiff refers to "Meta Platforms Inc." *Id.* at 5-6. The court assumes, for purposes of this order, that "Meta P. Inc." and "Meta Platforms Inc." are the same entity.

resolution causing financial harm and emotional distress." *Id.* at 3-4.

Plaintiff asserts two claims against Defendants. The first claim alleges that Defendants violated "[P]laintiff's constitutional right to privacy, as protected under the Fourth Amendment and Federal laws" by suspending her Facebook account without prior notice. *Id.* at 5. Plaintiff's second claim is not obviously different from the first, as it also alleges a Fourth Amendment violation based on Defendants' suspension of Plaintiff's Facebook account and failure to provide adequate resolution or justification for the suspension. *Id.* at 6. Plaintiff seeks the restoration of her Facebook account; $30,000 in damages for financial loss and emotional distress; and punitive damages for negligence. *Id.* at 7; *see id.* at 4.

The undersigned recommends that the Complaint be dismissed with leave to amend.

**A. Lack of Jurisdiction**

As an initial matter, the court lacks federal question jurisdiction over this action. Plaintiff alleges the court has jurisdiction "pursuant to 28 U.S.C. § 1331 because the case arise[s] under Federal statutes-rights, Federal communications, [and] privacy concerns." Compl. at 2. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Here, Plaintiff alleges Defendants violated her Fourth Amendment rights. However, the U.S. Constitution generally does not provide a remedy for constitutional violations against private actors. "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). Rather, these protections "apply in general only to action by the government." *Id.* Defendants are not government actors, and Plaintiff cannot bring constitutional claims against them.

1    Plaintiff does not otherwise identify any federal statutes giving rise to a federal question, nor
2    does the Complaint explain how "Federal communications" confer jurisdiction on this court.

### B. Shotgun Pleading

As explained above, Plaintiff cannot assert constitutional violations against Defendants, which are private entities and not government actors. The Complaint further fails to state a claim as there are no allegations that identify specific misconduct by specific Defendants.

"Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). "Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Yu v. Design Learned, Inc.*, No. 15-CV-05345-LB, 2016 WL 1621704, at *4 (N.D. Cal. Apr. 22, 2016) (citations omitted); *see id*. at *5 ("Rule 8(a)(2) requires the complaint to put defendants on sufficient notice of the allegations against them. . . . Absent such notice, the defendants cannot respond to or otherwise defend the action.") (cleaned up).

Plaintiff generally pleads that Defendants suspended her Facebook account, but there are no allegations as to what each Defendant did, including, for instance, what roles Meta and Instagram played. This failure to differentiate among Defendants is fatal, as it does not provide them with fair notice of the alleged wrongdoing. *See Jackson v. Cal. Dep't of Correction & Rehab.*, No. 23-CV-02888-SVW (DTB), 2024 WL 4329049, at *3 (C.D. Cal. Jan. 23, 2024) (complaint failed to satisfy Federal Rule of Civil Procedure 8's requirement for a "short and plain statement of the purported grounds for relief" where "[t]he Complaint fail[ed] to name or otherwise identify any individuals responsible for [the plaintiff's] alleged over-detention, or set forth any specific actions which may have caused excessive custody or any specific conduct alleged to have violated his civil rights."); *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1059 (N.D. Cal. 2023) ("By lumping all Defendants together, Plaintiff has not stated sufficient facts to state a claim for relief that is plausible against *one* Defendant.") (emphasis in original; cleaned up); *In re Toyota Motor Corp. Unintended*

4

*Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1206 (C.D. Cal. 2011) (complaint's "wholesale failure to meaningfully differentiate among the Defendants would ordinarily require dismissal of and repleading of these claims").

## II.   CONCLUSION

For the reasons above, the court recommends that Plaintiff's complaint be dismissed. However, because it is not obvious that Plaintiff cannot cure the deficiencies outlined above, the court recommends the dismissal be with leave to amend. The Clerk is directed to reassign this case to a district judge. Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Civ. L.R. 72-2.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: July 22, 2025

_____
Donna M. Ryu
Chief Magistrate Judge