UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03168-RFL<br><br>**ORDER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 8 |

Plaintiff Estela Jeffcoat, who has been granted leave to proceed *in forma pauperis*, filed an action against Defendants Facebook Inc., Instagram, and Meta Platforms Inc., alleging that her "Facebook account was suspended without prior notice, resulting in the loss of personal and professional resources." (Dkt. No. 1 at 2–3.) Magistrate Judge Donna Ryu screened Jeffcoat's complaint and issued a report and recommendation that the complaint be dismissed with leave to amend. (Dkt. No. 6, ("R&R").) As Judge Ryu explained in her well-reasoned R&R, the Court lacked jurisdiction over Jeffcoat's claims because the complaint failed to present a well-pled federal question:

> Here, Plaintiff alleges Defendants violated her Fourth Amendment rights. However, the U.S. Constitution generally does not provide a remedy for constitutional violations against private actors. "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). Rather, these protections "apply in general only to action by the government." *Id.* Defendants are not government actors, and Plaintiff cannot bring constitutional claims against them.
>
> Plaintiff does not otherwise identify any federal statutes giving rise to a federal question, nor does the Complaint explain how "Federal

1

communications" confer jurisdiction on this court.

(*Id.* at 3–4.) Judge Ryu also correctly explained that Jeffcoat's allegations constituted improper shotgun pleadings because they fail to provide Defendants with adequate "notice of the claims against them and the grounds for relief." (*Id.* at 4 (citing *Yu v. Design Learned, Inc.*, No. 15-cv-05345-LB, 2016 WL 1621704, at *4 (N.D. Cal. Apr. 22, 2016).) Judge Ryu recommended that Jeffcoat be granted leave to amend to correct the deficiencies identified in the R&R. (*Id.* at 5.)

Before the time to object to the R&R had passed, Jeffcoat filed a First Amended Complaint. (Dkt. No. 8, ("FAC").) The factual allegations in the First Amended Complaint remain largely the same as the initial complaint.[1] Jeffcoat alleges that her accounts were deactivated by Defendants without notice, causing her harm. (*Id.* at 1.) Jeffcoat no longer alleges Fourth Amendment violations, and instead asserts the following state law claims: (i) Negligence, (ii) Tortious Interference with Business Expectancy, (iii) Breach of Duty to Investigate, (iv) Violation of Cal. Bus. & Prof. Code §§ 17300 *et seq.* (*Id.* at 2.)

Federal courts are courts of limited jurisdiction, meaning that they are permitted only to hear some types of cases. The court is required to examine at the start of the case whether it falls within the federal courts' subject matter jurisdiction. However, if the federal court cannot hear the case, a plaintiff may still bring suit instead in state court.

Here, subject matter jurisdiction is still lacking because, even when liberally construed, none of Jeffcoat's state law claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S. Code § 1331; *see also*, *e.g.*, *Thymes v. Prime, Inc.*, No. 18-cv-02725, 2018 WL 5905393, at *2 (C.D. Cal. July 13, 2018) (finding no federal question jurisdiction over state law claims). For the same reason, the Court cannot exercise supplemental jurisdiction, because there is no predicate federal claim. *See* 28 U.S.C. § 1367(a). Jeffcoat has not alleged diversity jurisdiction under 28 U.S. Code § 1332 either. Jeffcoat does not allege either her state citizenship or the amount in controversy, and the facts alleged do not support the inference that

---

[1] The First Amended Complaint no longer names Facebook, Inc. as a Defendant, and adds Doe Defendants. (Dkt. No. 8 at 1.)

the requisite amount in controversy is met.  Because subject matter jurisdiction is lacking, the First Amended Complaint must be dismissed.  The Court finds that further amendment would be futile.  Jeffcoat has already had the benefit of Judge Ryu's well-reasoned R&R prior to filing her First Amended Complaint, but was unable to cure the lack of subject matter jurisdiction.  There is no reasonable basis for concluding that further amendment could cure those deficiencies, and therefore, dismissal is without leave to amend.

*Conclusion*.  For the forgoing reasons, Jeffcoat's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.  Jeffcoat may bring the claims in state court if she wishes.  The R&R (Dkt. No. 6) is **TERMINATED AS MOOT,** in light of the filing of the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: August 29, 2025

RITA F. LIN
United States District Judge